# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-23-266-D |
| ) | |
| COLBIE CLAYTON, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is Defendant's letter, in which he seeks early termination of his five-year supervised release term (the "Motion") [Doc. No. 4].[1] Defendant states that, although he has served only one year of his supervised release, he has "dealt with obstacles in a responsible way." Mot. at 1. Specifically, Defendant states that he has "dealt with the passing of [his] mother, uncle, grandfather and best friend," without resorting to using or dealing drugs. *Id.* Defendant has also been employed at Midwest Cooling Towers Inc. for over a year, purchased a vehicle and made timely payments, and completed his drug counseling. *Id.* Defendant presents two letters from his bosses, each of which speak highly of Defendant. Mot., Ex. 1.

With the Court's permission, the Government has filed a response [Doc. No. 7]. The Government does not dispute that Defendant has been compliant with his conditions of supervision and has made a successful adjustment to supervised release. However, the

---

[1] The Court construes Defendant's letter as a motion to modify conditions of supervised release, filed pursuant to 28 U.S.C. § 3583(e).

Government objects to early termination and submits that "[f]ederal law provides that a drug-trafficking defendant should ordinarily serve at least a five-year term of supervised release, and there is no reason presently to depart from that norm in this instance." Gov't Resp. at 3. Specifically, the Government argues that "[n]o significant, material development has arisen since September 2022 to warrant an early termination—especially considering [Defendant's] offense and criminal history." *Id.*

The Court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervision if, after considering certain 18 U.S.C. § 3553 factors, the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

Upon consideration of Defendant's Motion, and in light of the information provided by the Government, the Court finds that early termination of Defendant's term of supervised release is not warranted at this time. The supervised release mechanism is not punitive, but rather is meant to aid Defendant's rehabilitation, and, in this situation, appears to be doing exactly that. The Court commends Defendant for the progress he has made during his period of supervision, and encourages him to continue his positive efforts. The Court finds that Defendant's current request should be denied without prejudice to resubmission at an appropriate time in the future.

**IT IS THEREFORE ORDERED** that Defendant's Motion [Doc. No. 4] is **DENIED WITHOUT PREJUDICE**, as set forth herein.

**IT IS SO ORDERED** this 1ˢᵗ day of November, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge